**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 17 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY; STATE FARM FIRE
AND CASUALTY COMPANY,

    Plaintiffs-Appellants,

v.

BILL McCALISTER, DEBBIE
McCALISTER,

    Defendants-Appellees.

No. 97-5002
(N. District of Oklahoma)
(D.C. No. CV-96-892-C)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Chief Judge, **LOGAN** and **MURPHY**, Circuit Judges.

Plaintiffs State Farm Mutual Automobile Insurance Company and State

Farm Fire and Casualty Company (hereinafter collectively "State Farm") appeal

the district court's grant of summary judgment in favor of Bill and Debbie

McCalister. State Farm sued the McCalisters in September 1996, seeking a

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

declaration that a series of settlements entered into by State Farm and the McCalisters constituted a full and final settlement of all of the McCalisters' claims for uninsured/underinsured motorist coverage. The district court rejected State Farm's contentions and concluded that the settlement agreements clearly and unambiguously released State Farm from liability only under the specific policies referenced in the settlement agreements. On appeal, State Farm asserts that the district court erred when it refused to consider extrinsic evidence in interpreting the settlement agreements, even though the agreements are unambiguous on their faces. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and **affirm**.

This court reviews a decision granting summary judgment *de novo*, under the same legal standard applicable in the district courts. *See Miles v. Denver Pub. Sch.*, 944 F.2d 773, 775 (10th Cir. 1991). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

Because the parties are familiar with the facts surrounding this case and the controlling issue on appeal is legal, this court sees no need to recite the facts here. Relying on a 1973 decision of this court and a 1980 decision of the

Oklahoma Supreme Court, State Farm contends that the district court was obligated to review extrinsic evidence to determine the meaning of the settlement agreements, even though those agreements are unambiguous on their faces. *See First Nat'l Bank v. Rozelle*, 493 F.2d 1196, 1200 (10th Cir. 1973); *Amoco Prod. Co. v. Lindley*, 609 P.2d 733, 741-42 (Okla. 1980). We agree that the referenced cases appear to indicate that resort to extrinsic evidence is appropriate even when the contract in question is unambiguous. The problem with State Farm's reliance on *Rozelle* and *Amoco*, however, is that the Oklahoma Supreme Court's most recent pronouncements on this issue clearly indicate that courts must not utilize extrinsic evidence to interpret a contract when that contract is clear and unambiguous on its face. For instance, the Oklahoma Supreme Court recently held as follows:

> Whether a contract is ambiguous so as to require extrinsic evidence to clarify the doubt is a question of law for the courts. If language of a contract is clear and free of ambiguity, the court is to interpret it as a matter of law.
> . . . .
> A contract must be considered as a whole so as to give effect to all its provisions without narrowly concentrating upon some clause or language taken out of context. *The language in a contract is given its plain and ordinary meaning unless some technical term is used in a manner intended to convey a specific technical concept.* The parol evidence rule teaches that unless fraud or mistake is involved, pre-contract negotiations and oral discussions are merged into, and superseded by, the terms of an executed writing. The *practical* construction of an agreement (to be derived from the acts and conduct of the parties) is an available tool *only* in case ambiguity appears to be present. *Where, as here, a contract is complete in itself*

*and, when viewed as a totality, is unambiguous, its language is the only legitimate evidence of what the parties intended. That intention cannot be determined from the surrounding circumstances, but must be gathered from a four-corners' examination of the instrument.*

*Lewis v. Sac & Fox Tribe of Okla. Hous. Auth.*, 896 P.2d 503, 514 (Okla. 1994) (footnotes omitted); *see also Founders Bank & Trust Co. v. Upsher*, 830 P.2d 1355, 1361-62 (Okla. 1992) ("Intent is to be gathered from the *entire instrument*. Where the language is clear and explicit, there is no need to resort to extrinsic evidence to ascertain its meaning. Where a contract is *complete in itself* but, *as viewed in its entirety is unambiguous*, its *language* is the *only legitimate evidence of what the parties intended*." (footnotes omitted)).

In a diversity case, this court is required to apply the most recent statement of state law by the state's highest court. *See Vitkus v. Beatrice Co.*, 127 F.3d 936, 941-42 (10th Cir. 1997); *Black v. Baker Oil Tools, Inc.*, 107 F.3d 1457, 1464 (10th Cir. 1997). Accordingly, our disposition of the issue raised by State Farm is controlled by *Sac & Fox Tribe* and *Founders Bank*, rather than the much older cases cited in State Farm's brief. *Sac & Fox Tribe* and *Founders Bank* indicate that the district court did not err when it refused to consider extrinsic evidence to vary the terms of the settlement agreements at issue. Furthermore, because the settlement agreements were clear and unambiguous and resort to extrinsic evidence was not necessary, the district court did not err in denying State Farm an evidentiary hearing on the McCalisters' summary judgment motion. *Sac & Fox*

*Tribe*, 896 P.2d at 514 ("If language of a contract is clear and free of ambiguity, the court is to interpret it as a matter of law.").

Having resolved that the district court did not err in refusing to consider the extrinsic evidence advanced by State Farm, we **AFFIRM** for substantially those reasons expressed by the district court in its thorough Order dated December 3, 1996.

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge